IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| GLORIA A. MABEY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 04-354-E-LMB |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM DECISION |
| COMMISSIONER, SOCIAL SECURITY | ) | AND ORDER |
| ADMINISTRATION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Currently pending before the Court is Gloria A. Mabey's Complaint and Petition for

Review seeking review of the final decision of Respondent denying her claim for disability

insurance benefits under Title II of the Social Security Act.  The action is brought pursuant to 42

U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters

the following Memorandum Decision and Order.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

Gloria A. Mabey ("Petitioner" or "Claimant") applied for disability insurance benefits

under Title II of the Social Security Act on July 1, 2002.  Petitioner alleged disability beginning

on December 18, 2000.  (AR 57).  Petitioner's application was denied initially and again after

reconsideration.  Petitioner filed a timely request for a hearing before an Administrative Law

MEMORANDUM DECISION AND ORDER - 1

Judge.  ALJ John Arkoosh held a hearing on January 29, 2004 at which time Petitioner, represented by counsel, appeared and testified.  Gary Mabey, Petitioner's spouse, and Anne Aastum, a vocational expert, also testified.

On March 9, 2004, the ALJ issued a decision denying Petitioner's claim because he concluded that Petitioner can perform her past relevant work and she is therefore not disabled as defined in the Social Security Act.  (AR 13, 18).

Thereafter, Petitioner requested the Appeals Council review the ALJ's decision.  The Appeals Council denied Petitioner's request on May 7, 2004 making the ALJ's decision the final decision of the Commissioner of Social Security.  (AR 4).

Having exhausted her administrative remedies, Petitioner timely filed this instant action. Petitioner argues that the ALJ's decision contains errors of law and is not based on substantial evidence as required by 42 U.S.C. §  405(g).  Specifically, Petitioner challenges (1) whether the ALJ adequately discredited Petitioner's testimony, and (2) whether the ALJ's treatment of Dr. Coleman's opinion in making his residual functional capacity finding was adequate.  Petitioner requests that the ALJ's decision be reversed and that she be awarded benefits or, in the alternative, this matter be remanded for further determination.

## II.

## BACKGROUND

At the time of the hearing before the ALJ, Petitioner was fifty-one years of age with a fourth grade education obtained in Honduras.  She has past relevant work as an agricultural sorter and potato inspector.  (AR 14).

MEMORANDUM DECISION AND ORDER - 2

## III.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish entitlement to disability benefits. *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (1997). The second part of that process involves a finding regarding whether or not the claimant has a "severe impairment." 20 C.F.R. § 416.905(a). If no "severe" impairment is found, the claimant will be found not to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

The standard on review is whether the decision of the Commissioner is supported by substantial evidence and is based on proper legal standards. 42 U.S.C. § 405(g); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710 (9th Cir. 1981). In other words, if there is substantial evidence to support the decision of the ALJ, the decision must be upheld even when there is conflicting evidence. *Hall v. Secretary of Health, Education and Welfare,* 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec. of Health & Human Serv.*, 44 F.3d 1453 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975);

MEMORANDUM DECISION AND ORDER - 3

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusion of the ALJ. *Richardson,* 402 U.S. at 401.  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984), and drawing inferences logically flowing from the evidence.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing federal courts must bear in mind that the Social Security Act is remedial in nature and should be construed liberally and "not so as to withhold benefits in marginal cases."  *Smith*, 820 F.2d at 1095 (citations omitted).

MEMORANDUM DECISION AND ORDER - 4

The issue presented in the instant appeal is whether the Appeals Council's finding that

Petitioner was not disabled is supported by substantial evidence and whether it is based on

application of proper legal standards.

## IV.

## DISCUSSION

### A.      Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a

sequential process in determining whether a person is disabled within the meaning of the Act.  20

C.F.R. §§ 404.1520, 416.920 (1997).

The first step requires the ALJ to determine whether the claimant is engaged in substantial

gainful activity.  If the answer is in the affirmative, disability benefits are denied.  20 C.F.R. §

404.1520(b).  In the instant action, the ALJ stated that Petitioner worked for J.R. Simplot in 2001

and 2002.  This work was not substantial gainful activity because the average monthly earnings

were below the amounts in the earnings guidelines indicative of substantial gainful activity.  (AR

14).

The second step requires the ALJ to determine whether the claimant has a medically

severe impairment or combination of impairments.  20 C.F.R. §404.1520(c).  The ALJ found that

Petitioner suffers from chronic bilateral epicondylitis, which significantly limits her physical

ability to do basic work activities, therefore her impairment is found to be severe as defined in

the regulations.  (AR 14).

The third step in the evaluation process requires the ALJ to determine whether the

claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P,

MEMORANDUM DECISION AND ORDER - 5

Appendix 1; 20 C.F.R. § 404.1520(d).  In this respect, the ALJ concluded that Petitioner's

impairments do not meet or equal the severity of any impairment in the Listing of Impairments in

Appendix 1, Subpart P, Regulations No. 4.  (AR 14).

The fourth step of the evaluation process requires the ALJ to determine whether the

claimant's residual functional capacity is sufficient for the claimant to perform past relevant

work.  20 C.F.R. § 404.1520(e).  In this respect, the ALJ found that Petitioner's impairments do

not preclude her from performing activities of daily living.  She is able to care for her grooming

and hygiene and perform activities such as washing dishes, dusting, sweeping, vacuuming,

cooking and the laundry.  Additionally, she was able to drive a motor vehicle for up to 30

minutes.  (AR 17).

The ALJ found that Petitioner has the residual functional capacity to lift and carry 20

pounds occasionally and 10 pounds frequently.  There is no limitation in her ability to sit, stand

or walk.  These limitations are consistent with light work.  (AR 17).

The ALJ further found that Petitioner can perform her past relevant work as an

agricultural sorter and potato inspector as those occupations are generally performed throughout

the national economy.  Petitioner's residual functional capacity for unskilled light work would

permit her to perform those two jobs.  Therefore, the ALJ concluded that Petitioner is not

disabled.  (AR 18).

In the fifth step, once it has been established that Petitioner can no longer perform past

relevant work because of her impairments, the burden shifts to the Commissioner to show that

Petitioner retains the ability to do alternate work, and to demonstrate that such alternate work

exists in significant numbers in the national economy.  In this respect, because the ALJ found

MEMORANDUM DECISION AND ORDER - 6

that Petitioner is able to perform her past relevant work, he did not address this fifth step.

**B.     Analysis**

Petitioner argues that she is unable to perform any repetitive activities with her arms and cannot lift any weight over 5 pounds, and that these limitations preclude her from performing any of her past relevant work.  Petitioner further argues that the ALJ improperly discredited her testimony and assumed the limitations issued by Dr. Coleman were temporary, without substantial evidence in support of that assumption.  *Brief in Support of Petition for Review*, p. 2 (Docket No. 9).

Petitioner states that since all of the lay testimony and the majority of the medical evidence supports her claim, the ALJ had to "stretch, wiggle and squirm" to make the facts fit the unfavorable decision and that the ALJ clearly had to go against the majority of the evidence and had to gloss over or ignore certain physician's statements.  *Id.*

**C.     Credibility**

The ALJ noted that Petitioner's impairments are ones which can reasonably be expected to produce her complaints of pain and other symptoms, however, based upon a review of all the evidence, the ALJ determined that Petitioner's complaints were not fully credible.  To begin with, the ALJ noted that Petitioner has had a consistent work record through the alleged onset date.  Initially, Petitioner complained of pain in February 1999 after doing clean-up work.  Her allegations of disability are directly related to this part of her job, as she indicated she was able to perform other aspects of her job.  In short, despite her complaints of pain, Petitioner continued working for approximately 1-1/2 years after the alleged onset date.  (AR 17.)

The ALJ also stated that it appears that Petitioner has limited motivation to return to work as well.  She receives $700 per month in workers' compensation benefits, which could be terminated if she were to return to work.  She has not looked for other work even though at least one physician indicated that she could perform light duty work.  There is also no evidence that she has contacted vocational rehabilitation about job training.  (AR 17).  This in light of the fact that at least one doctor has indicated that Petitioner should have no restrictions on her ability to work.  *Respondent's Brief*, p. 6 (Docket No. 10); (AR 15-17).

Generally, in determining whether the claimant's subjective testimony regarding the severity of her symptoms is credible, "the ALJ may consider [claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [claimant's] testimony and [his/her] conduct, [claimant's] daily activities, [claimant's] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Soc. Security Admin.*, 119 F.3d 789, 791 (9th Cir. 1997).  Further, the Ninth Circuit has held that "the ALJ may reject the claimant's testimony regarding the severity of [her] symptoms only if he makes specific findings stating clear and convincing reasons for doing so," and he "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  The ALJ is in the best position to make such credibility determinations and, for this reason, the ALJ's credibility determinations are entitled to great weight. *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990).

In the Court's view, the record contains substantial evidence to support the ALJ's finding that Petitioner lacked credibility.  The Court concludes that the ALJ properly evaluated

MEMORANDUM DECISION AND ORDER - 8

Petitioner's testimony and provided clear and convincing reasons for finding her testimony not entirely credible. Resolution of conflicts in the testimony and of credibility questions is a function solely of the ALJ. *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988).

In the instant action, the ALJ rejected Petitioner's testimony regarding pain and limitations. The Ninth Circuit has ruled directly on this issue and has held that "[i]n order to disbelieve a claim of excess pain, an ALJ must make specific findings justifying that decision" and that "[t]hese findings must enable the ALJ to 'convincingly justify his rejection' of the claimant's excess pain testimony." *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989) (citations omitted). The court in *Fair* recognized that "while it is not entirely clear what sorts of findings meet this requirement," the Ninth Circuit expressly stated that testimony about the claimant's daily activities or a failure to seek treatment or follow a prescribed course of treatment would be an acceptable form of evidence. *Id.*

In the instant action, the ALJ concluded that the record contains clear and convincing reasons to reject Petitioner's complaints. In addition, Petitioner's own submissions to this Court acknowledge that she suffers only from chronic bilateral epicondylitis (commonly known as tennis elbow), and that other than some problems with her arms, she has no additional physical impairments and she has no difficulty sitting or standing through an eight-hour day, and further, Petitioner does housework, including washing dishes, dusting, sweeping, vacuuming, laundry and cooking. *Petitioner's Brief*, pp. 2-4 (Docket No. 9).

After carefully reviewing the record, the Court concludes that the ALJ properly rejected Petitioner's credibility regarding the severity of her pain by citing specific examples supported by substantial evidence in the record. The ALJ supported his determination by relying on portions

MEMORANDUM DECISION AND ORDER - 9

of the record which demonstrated that Petitioner performed ordinary activities of daily

life–including household chores, was in receipt of worker's compensation benefits that could

terminate if she returned to work, and that at least one doctor had indicated that Petitioner should

have no restrictions on her ability to work.  (AR 15-17).  Finally, the Court notes that the ALJ's

decision also relied upon the medical conclusion of Dr. Rodde Cox who surmised that Petitioner

showed evidence of "symptom magnification."  (AR 16).

The Ninth Circuit has recognized that "[c]redibility determinations are the province of the

ALJ." *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).  Where, as here, the ALJ has made

specific findings justifying a decision to discount and reject certain allegations made by

Petitioner regarding symptoms and their functional effect on daily activities, and those findings

are supported by substantial evidence in the record, as the Court concludes they are in this action,

the Court's role is not to second-guess that decision.  In the Court's view, the ALJ's findings to

reject Petitioner's credibility are sufficiently specific to allow the Court to conclude that the

ALJ's decision is based on permissible grounds and did not arbitrarily discredit Petitioner's

testimony.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  Accordingly, the Court

concludes that the ALJ's decision to reject certain aspects of Petitioner's subjective testimony

concerning her symptoms/limitations is not erroneous and should not be disturbed on appeal.

## D.    Dr. Coleman

Petitioner alleges that the ALJ assumed Dr. Coleman's limitations were temporary,

without substantial evidence in support of the assumption. *Brief in Support of Petition for

Review*, p. 11 (Docket No. 9).  Petitioner argues there is nothing in the record to support the

ALJ's assumption that Petitioner's limitations were only related to the time of the surgery.

MEMORANDUM DECISION AND ORDER - 10

Upon carefully reviewing the record, the Court concludes that it was reasonable for the ALJ to limit Dr. Coleman's opinions to the time period covered by his report.  While the ALJ openly acknowledges that Dr. Coleman's opinion "was consistent with the evidence at that time since the claimant was recovering from surgery," he ultimately concludes that the opinion of Dr. Coleman "does not reflect [Petitioner's] current condition which has stabilized with appropriate medical treatment."  (AR 18).  The ALJ supports his finding by relying on the medical opinions of Dr. David Lamey and Dr. Rodde Cox, medical opinions which were provided subsequent to those of Dr. Coleman.  (AR 15-16, 135-35, 210).  In addition to Dr. Cox's observation of Petitioner's "symptom magnification," Dr. Lamey found Petitioner's pain to be mild and without vocational limitations.  *Id.*

Where, as here, there are ambiguities in the medical evidence, it is the role of the ALJ to resolve them.  *Matney*, 981 F.2d at 1019.  Here, the ALJ fulfilled his duty as fact finder, coming to a reasonable interpretation of the evidence.  Although it is not the only possible interpretation, it is supported by more than a scintilla of evidence, *see Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and should not be disturbed by this Court.

## V.

## CONCLUSION

Although there is some evidence tending to support Petitioner's position, Petitioner's primary contentions appear to be that the ALJ gave too much weight to the evidence upon which he relied and did not give enough weight to other evidence favorable to Petitioner.  Petitioner argues that the record, when viewed as a whole, supports a conclusion that she was disabled within the meaning of the Act from her alleged onset date.

MEMORANDUM DECISION AND ORDER - 11

However, as the Court has discussed, the ALJ is the fact finder and is solely responsible for weighing and drawing inferences from facts and determining credibility.  *Allen*, 749 F.2d at 579;  *Vincent on Behalf of Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642.  If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ.  *Key*, 754 F.2d at 1549.  The Court finds that the evidence upon which the ALJ relied can reasonably and rationally be relied upon to support his conclusion, despite the fact that such evidence may be susceptible to a different interpretation.

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.  Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision and the Commissioner's decision is upheld.

## VI.

## ORDER

Based on the foregoing, the decision of the Commissioner is affirmed and this action is dismissed in its entirety with prejudice.



DATED:  **June 8, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

MEMORANDUM DECISION AND ORDER - 12